35 F.3d 558
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Victoria M. VOGE, Commander, Medical Corps, U.S. Navy,
Plaintiff-Appellant,
v.
SECRETARY OF THE NAVY, Defendant-Appellee.
 No. 93-2346.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 10, 1994.
Decided: Sept. 2, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-89-1441-A)
 ARGUED: Eugene Roy Fidell, Feldesman, Tucker, Leifer, Fidell & Bank, Washington, DC, for appellant.
 Lt. Karen M. Gibbs Ernst, General Litigation Division, Office of the Judge Advocate General, Alexandria, VA, for appellee.
 ON BRIEF: Jeffrey E. Rummel, Feldesman, Tucker, Leifer, Fidell & Bank, Washington, DC, for appellant.
 Helen F. Fahey, U.S. Atty., Dennis E. Szybala, Asst. U.S. Atty., Alexandria, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and ERWIN, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Voge, an active duty officer in the United States Navy Medical Corps, filed suit against the Navy requesting the court to set aside the decision of the Board for Correction of Naval Records (BCNR) and to expunge a psychiatric evaluation, documentation affecting her hospital credentials, and contested Officer Fitness Reports from her military records.
 
 
 2
 On January 12, 1990, Judge Bryan denied both the Government's motion to dismiss and its motion for summary judgment and remanded one factual issue to the BCNR for reconsideration and reexamination. The factual issue, alleged in a letter written by Appellant dated May 24, 1985, is whether Lieutenant Commander Eugene T. Tinelli, the Navy physician who gave Voge a psychiatric diagnosis in 1982, was ordered to do so by his military superior, Captain Charner W. Bramlett, and whether Bramlett was commanded to obtain Voge's psychiatric evaluation.
 
 
 3
 On October 13, 1993, the court reviewed the decisions rendered by the BCNR and denied the requested relief. Specifically, the court found that the BCNR properly reviewed Voge's allegations and that the BCNR did not act arbitrarily or capriciously in denying Voge the relief she requested. Voge now contends that the court erred in this finding and seeks a reversal from the court order.
 
 
 4
 * The court's grant of summary judgment is subject to de novo review. Baber v. Hospital Corp. of America, 977 F.2d 872, 874 (4th Cir.1992). The BCNR's denial of relief is a final agency action and is reviewable under the Administrative Procedures Act. The proper standard of review under the Administrative Procedures Act is whether the decision was "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." See 5 U.S.C. Sec. 706(2)(A) (1988). Under this standard, "the court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." See Hutto Stockyard, Inc. v. United States Dep't of Agric., 903 F.2d 299, 307 (4th Cir.1990) (quoting Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971)); see also Aquino v. Stone, 957 F.2d 139 (4th Cir.1992).
 
 
 5
 "[I]t is not the role of the courts to second-guess an agency's decision, absent a clear error of judgment...." Aquino, 957 F.2d at 144. The question on appeal is whether the trial court properly held that the decision of the BCNR was not arbitrary, capricious, or unsupported by substantial evidence and that the decision complied with its January 1990 order to review and resolve the issues raised in Appellant's letter dated May 24, 1985.
 
 II
 
 6
 Bramlett, Voge's commanding officer in Guam, evaluated her and, based upon her behavior, decided to refer her for psychiatric evaluation. The administrative record shows that Voge's professional judgment was questionable as evidenced by the course of treatment she provided to numerous patients. The cumulative evidence concerning Voge's behavior served as legitimate indicia of a possible psychiatric problem.
 
 
 7
 Upon remand, the BCNR attempted to contact Tinelli and Bramlett for responses to Voge's allegations in her May 24, 1985 letter, in which she alleged that Tinelli told her that he and Bramlett had been ordered to give her a psychiatric diagnosis. Although Tinelli did not respond directly to the BCNR, Voge later submitted to the BCNR the letter he wrote to her counsel. Both Tinelli and Bramlett emphatically denied in writing that they had been ordered to refer Voge for psychiatric evaluation or to give her a psychiatric diagnosis.
 
 
 8
 Bramlett wrote: "[T]here is no truth what-so-ever that I, or anyone else asked, suggested, hinted at, or ordered LCDR Tinelli to make any diagnosis of any sort on CDR Voge." (J.A. 363.) Tinelli, in a letter to Voge's attorney which was later submitted to the BCNR, stated that the allegation that the commanding officer ordered him to do a psychiatric evaluation of her was untrue. (J.A. 380.) These strong denials lead the BCNR to conclude that there was no need for further inquiry.
 
 III
 
 9
 Voge makes numerous claims of having been mistreated due to command influence. Her assertion that she arrived in Guam labeled as a troublemaker and a non-team player is unsupported by evidence in the record.
 
 
 10
 The record evidences that Navy doctors observed a pattern of behavior which in their professional judgment clinically warranted referring Voge to a psychiatrist in 1982. The referring Navy physicians, Tinelli and Bramlett, emphatically denied Voge's allegations that they were ordered to have her evaluated.
 
 
 11
 After careful consideration of the evidence in the record, we conclude that the BCNR's decision was not arbitrary and capricious. The district court judgment is therefore affirmed.
 
 AFFIRMED